EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                  | 2007 TSPR 69     |
|                         |                  |
| Francisco Ruiz Nieves   | 170 DPR _____    |

Número del Caso: TS-4227


Fecha: 16 de marzo de 2007


Oficina de Inspección de Notarías:

                    Lcda. Marla D. Ríos Díaz
                    Directora Interina

Abogado de la Parte Peticionaria:

                    Por Derecho Propio


Materia: Conducta Profesional
         (La suspensión del abogado advino final y firme el día 12
          de abril de 2007).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Francisco Ruiz Nieves

TS-4227

PER CURIAM

San Juan, Puerto Rico, a 16 de marzo de 2007

Mediante un informe, de fecha 9 de enero de 2007, la Directora Interina de la Oficina de Inspección de Notarías (ODIN) nos informó que, conforme una inspección que se hiciera de la obra notarial del Lcdo. Francisco Ruiz Nieves:

> "... el protocolo correspondiente al año 2001 del licenciado Ruiz Nieves quedó aprobado con deficiencias ... Se trata de las escrituras núm. 26 sobre Acto de Dominio y Posesión y la núm. 27 sobre Cesión y Donación de Bienes y Derechos Hereditarios, ambas fechadas 24 de abril de 2001, en las que el notario utilizó como testigo instrumental a uno de los mismos otorgantes." (Énfasis suplido.)

Expresó, además, ODIN en dicho informe que, conforme posteriormente le informara el propio notario, "a pesar de las gestiones realizadas

[por él] <u>estaba impedido de corregir las deficiencias señaladas ante el fallecimiento de tres otorgantes</u> ..." de dichas escrituras públicas." (Énfasis suplido.)

Nos señala ODIN, por último, que por tratarse las referidas escrituras de la disposición de bienes hereditarios --y según se desprende de las mismas, "...todos los que en ellas comparecieron eran parientes entre sí"-- "...son de aplicación los Artículos 22 y 34 de la Ley Notarial, así como la Regla 33 del Reglamento Notarial" y que, por mandato de dichas disposiciones de ley, la "...naturaleza de la falta en cuestión <u>hace dicho instrumento público nulo</u>, ...". (Énfasis suplido.)

Mediante Resolución de 22 de febrero de 2007, le concedimos término al Lcdo. Francisco Ruiz Nieves para que se expresara sobre el informe de ODIN. Ha comparecido. Expresa, en síntesis y en lo pertinente, que acepta la exposición de los hechos que hace ODIN; esto es, admite el error cometido. Como "atenuantes" de su errónea y grave actuación notarial, Ruiz Nieves nos informa que, para la fecha de la otorgación de las escrituras, su esposa estaba afectada de su salud y que "aparentemente [su] mente estaba cansada y agotada y no me percaté del error". Por último, nos señala que el donatario no ha sido perturbado en la posesión del bien objeto de la escritura otorgada.

Resolvemos, sin ulterior trámite, al amparo de las disposiciones del Artículo 50 de nuestro Reglamento.

I

En *In re* González Maldonado, 152 D.P.R. 871 (2000), expresamos que el notario que autoriza o interviene en escrituras públicas empleando testigos instrumentales, dentro de las prohibiciones impuestas por la Ley Notarial de Puerto Rico "demuestra un pobre conocimiento de los principios básicos del derecho notarial, así como una crasa negligencia e indiferencia de su parte. Es principio harto conocido que la práctica de la notaría requiere de un cuidado extremo. Dicha actuación impropia constituye una falta grave, que afecta la eficacia de los documentos, *In re* Ramos Vélez, supra, que conlleva su nulidad. Artículo 34 de la Ley Notarial, 4 L.P.R.A. sec. 2052; Regla 33 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV; *In re* Martínez Ramírez, supra. Este quebrantamiento de la Ley Notarial acarrea severas sanciones". (Énfasis suplido.)

En vista de los hechos del presente caso --y a la luz de las disposiciones estatutarias pertinentes aplicables y de la jurisprudencia interpretativa de las mismas --consideramos procedente decretar la suspensión inmediata del Lcdo. Francisco Ruiz Nieves del ejercicio de la notaría en nuestra jurisdicción por el término de tres (3) meses.[1]

---

[1] La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial del Lcdo. Ruiz Nieves, debiendo entregar la misma a la Oficina de Inspección de Notarías para la investigación e informe

(Continúa . . .)

Se dictará Sentencia de conformidad.

correspondiente, para lo cual se le concede el término de
sesenta (60) días.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Francisco Ruiz Nieves

TS-4227

SENTENCIA

San Juan, Puerto Rico, a 16 de marzo de 2007

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión inmediata del Lcdo. Francisco Ruiz Nieves del ejercicio de la notaría por el término de tres (3) meses.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial del Lcdo. Francisco Ruiz Nieves, luego de lo cual los entregará a la Oficina de Inspección de Notarías para el examen correspondiente e informe a este Tribunal, para lo cual se le concede el término de sesenta (60) días.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo